Cooke, Settle & Co. *v.* J. D. Walters *et al.*,
AND
Jacques, Hudspeth & Co. *v.* J. D. Walters *et al.*

Sale of Realty. *Void when. Debtor. Judgment creditor.* If separate and distinct tracts or parcels of land are sold in gross under an execution, the sale is not only void at the election of the debtor, but is also void as to judgment creditors.

FROM HUMPHREYS.

Appeal from the Chancery Court at Waverly. G. H. Nixon, Ch.

T. J. Lanier for complainants.

Cox & Baker for Chandler.

H. M. McAdoo for Jacques, Hudspeth & Co.

McFarland, J., delivered the opinion of the court.

The firm of J. A. Clark & Co. obtained a judgment before a justice of the peace against J. D. Walters, had execution issued and levied upon two lots as the property of Walters in the town of Waverly, which after condemnation by the circuit court were sold on the 5th June, 1871, and purchased by said Clark & Co., for the amount of their judgments. After this sale, to-wit, on the 9th July, 1872, said Walters executed a deed purporting, for love and affection, to convey a life estate in said lots to his sister, Mrs. Prudella Chandler, with remainder to himself or his surviving heirs,

Cooke, Settle *et al. v.* Walters.

which deed was on the same day acknowledged and registered.    Afterward, about the 23d May, 1873, Mrs. Chandler paid to or deposited for the use of Clark & Co. the amount of their bid and interest, which was accepted by them as a redemption of the land.    The first of these bills was filed by Cooke, Settle & Co. on the 3d of June, 1873.    They are judgment creditors of said Walters, and executions had been issued on their judgment and returned *nulla bona*.    They charge that Walters' deed to his sister, Mrs. Chandler, was void as to them, and that the lots were in reality redeemed by Walters himself, and not by Mrs. Chandler, and pray that the lots be sold and the proceeds applied to their judgment.

On the 3d of November, 1873, complainants filed their amended bill, in which, in addition, they charge that on the 2d of June, 1873, the day before their original bill was filed, the firm of Jacques, Hudspeth & Co. (who had also obtained judgments against said Walters), had caused executions to be levied on the same lots, and were proceeding to have the same condemned and sold.    They charge in this amended bill, that from information since obtained, they are satisfied that the redemption money for said lots was not paid by Walters, as charged in their original bill, and that the property had never been redeemed by him, but the redemption money was paid by Mrs. Chandler to enable her to obtain and hold the title under her fraudulent deed from her brother.    They charge that there was no title in Walters subject to levy at the date of the levy of Jacques, Hudspeth & Co., and pray an

injunction against them to prevent clouds upon the title.

Jacques, Hudspeth & Co. answered, insisting that they have acquired a lien upon the lots upon two grounds: 1st, that the first named sale under the execution of J. A. Clark & Co. was absolutely void, because two lots were sold jointly or in gross, and the deed of Walters to Mrs. Chandler being also void for fraud, the title remained in Walters as if these proceedings had not occurred, and was of course subject to their levy, which was prior in time to the rights of complainants Cooke, Settle & Co.; or, 2d, if mistaken in this position, they assume that at all events, by the terms of the deed from Walters to Mrs. Chandler, the former held a remainder interest in the property, which was subject to their levy.

Mrs. Chandler answered, insisting upon a life estate in the property under her deed, and it is insisted in argument that she is at all events entitled to hold the same as security for the money paid by her in redemption.

The successor of the sheriff has, since the institution of these proceedings, to-wit, on the 9th of June, 1876, made a deed purporting to convey the lots to Mrs. Chandler, the deed being founded upon the sale of Clark, and reciting the payment made by Mrs. Chandler as a redemption.

The Chancellor decreed in favor of Cooke, Settle & Co., and Mrs. Chandler has appealed, and Jacques, Hudspeth & Co. have prosecuted a writ of error.

It is manifest that if the first position taken by

Jacques, Hudspeth & Co. be correct, to-wit, that the sale of the lots to J. A. Clark & Co. was void absolutely, this ends the controversy in their favor, inasmuch as in that view there would be no obstacle in the way of the levy of their execution, it not being seriously controverted that the deed of Walters to Mrs. Chandler was void for fraud. So that the first question is the validity of the aforesaid sale.

In the case of *Winters & Cross* v. *The Heirs of Burford*, 6 Col., 328, it was held that to sell several distinct lots in gross under execution, was not valid to divest the title of the debtor; the court saying, Special Judge Ellett delivering the opinion, that they were inclined to think it should be regarded as a .fraud upon the debtor, and voidable as to him upon general principles ; but further, in view of the redemption laws, such sale should be held void, as it would in effect deprive him of the full exercise of that right, and that the statute should be construed, as a condition of the validity of the sale, to require that each distinct parcel should be sold separately.

This court has since, in quite a number of cases, held such sales void—in fact, so often that it cannot be regarded as an open question. See *Mount, Hall & Co.* v. *Hall & Hall*, and other MSS.

We held, however, in one case, that the rule did not apply where several adjoining tracts or parcels of land had been purchased and consolidated into one farm, and held and known as such. It is argued that the rule should be further modified so as to hold such sale void or voidable only at the election of the

debtor.    We do not say that strangers could object upon this ground.    Nor do we say that cases may not arise where such sales have been acquiesced in by all parties to such an extent that they should be held estopped to deny their validity, or that upon other grounds they should be held valid.

But in view af the reasons upon which such sales are held void, we do not see how to escape applying the rule in this case.    Our statutes give the right of redemption to judgment creditors, as well as to the owner himself, and if such sale be a fraud upon the debtor, by abridging his right of redemption, why does it not affect to the same extent the right which the law gives to his judgment creditor to redeem?    In fact, it may be seen that the debtor's right to redeem might in this mode be so abridged as to defeat the right altogether.

Again, assuming that the sale to Clark & Co. was void or voidable at the election of Walters, in what attitude did it place Jacques, Hudspeth & Co.?    They were judgment creditors of Walters; the time of redemption had nearly expired; they could not safely redeem, because they could not assume that Walters might not afterward elect to treat the sale as void, and then they would have no title.    In this view they must be held to have the same rights, especially in view of the redemption laws, and their only course was to treat the sale as void, and proceed *de novo.*

No question in this case arises as to the fact that the lots were separate and distinct.    The levy under which they were sold fully describes them as two en-

tirely separate and distinct lots, although only divided by an alley.

The decree must be reversed, and a decree rendered for Jacques, Hudspeth & Co.. They, however, having submitted to the jurisdiction, and submitted the questions as to priority to the court, there will be a decree to sell the lots, giving them priority, and the surplus, if any, to Cooke, Settle & Co. The complainants will pay the costs, unless the property sells for a sum sufficient to pay Jacques, Hudspeth & Co. and leave a surplus.